UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABDULRAHMAN HAMIDE** | **CIVIL ACTION NO.** |
| **VERSUS** | **MAGISTRATE JUDGE** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** | |

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, come Certain Underwriters at Lloyd's, London Subscribing to Policy Number 141NORL0761 ("Underwriters"), and, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, hereby remove the lawsuit entitled "*Abdulrahman Hamide v. Certain Underwriters at Lloyd's, London*," Case No. 844-460, Division "D" on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana (the "Lawsuit"), to the United States District Court for the Eastern District of Louisiana, and show unto this Court as follows:

**1.**

Plaintiff, Abdulrahman Hamide ("Plaintiff"), instituted the Lawsuit by filing a Petition for Damages (the "Petition") on August 14, 2023, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. A copy of all process, pleadings and orders served on Underwriters and Underwriters Answer and Affirmative Defenses are attached in globo as Exhibit 1.

**2.**

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

**3.**

The Lawsuit is removed on grounds of 28 U.S.C. § 1332 diversity of citizen jurisdiction.

### **COMPLETE DIVERSITY OF CITIZENSHIP**

**4.**

Plaintiff, a natural person, is domiciled in and a citizen of Jefferson Parish, State of Louisiana. *See* Exhibit 1, Petition, at the unnumbered paragraph preceding Paragraph 1. Thus, Plaintiff is a citizen of Louisiana for purposes of diversity jurisdiction.

**5.**

The Policy was underwritten through the Lloyd's of London insurance market. Underwriters at Lloyd's, London refers to an unincorporated association of members that insure risks through the Lloyd's of London insurance market. These members often subscribe to risks through syndicates, which are administrative entities. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010). Here, Syndicate 1084 is the only subscriber to Policy No. 141NORL0761, and the only member of Syndicate 1084 is Chaucer Corporate Capital (No.3) Limited ("Chaucer"). Chaucer is a private limited company incorporated under the laws of England with its principle place of business in England. Accordingly, Underwriters, the sole defendant, is a citizen of England.

**6.**

There is a complete diversity of citizenship between Plaintiff and Underwriters.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

**7.**

Plaintiff allegedly owns the property located at 2804 Houma Blvd, Metairie, LA 70001 (the "Property"). *See* Exhibit 1, Petition, at Paragraph 4.

**8.**

Underwriters issued to Plaintiff an insurance policy bearing Policy No. 141NORL0761 (the "Policy"), which provides certain insurance coverage for loss of or damage to the Property, subject to the Policy's terms, conditions, limitations, and exclusions. *See* Exhibit 1, Petition, at Paragraph 3. A certified copy of the Policy is attached hereto as Exhibit 2. *See* Exhibit 2, Policy.

**9.**

The Petition does not set forth a specific amount of damages; it alleges that the Property sustained extensive damage as a result of Hurricane Ida. *See* Exhibit 1, Petition, at Paragraph 7.

**10.**

Plaintiff alleges that Underwriters did not pay an adequate sum of money to Plaintiff to compensate for the loss to the Property, in addition to statutory penalties for breaching its duties under La. R.S. 22:1892 and 22:1973. See Exhibit 1, Petition, Paragraph 17.

**11.**

When a complaint does not identify a specific amount of damages, the removing party can establish the requisite jurisdictional amount in controversy by setting forth the facts in controversy that support a finding of the requisite amount. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

**12.**

In his December 8, 2023 Initial Disclosures, Plaintiff stated that his claim totals **$87,714.45.** Plaintiff's Initial Disclosures provide the following breakdown of his alleged damages:

```
$   34,750.00      (Coverage "A" + Other Structures)
+   30,000.00      (Coverage "D") – lost rent exceeds policy limits
-    6,000.00      (deductible)
-   13,768.23      (prior payments)
=   44,981.77      (total before penalties and fees)
+   22,490.88      (50% penalties under La R.S. 22:1892)
+   20,241.80      (30% attorney fees under La R.S. 22:1892)
$   87,714.45      owed to Plaintiff
```

Plaintiff's December 8, 2023 Initial Disclosures is attached hereto as Exhibit 3. *See* Exhibit 3, No. 5.

**13.**

Thus, the damages Plaintiff seeks to recover exceed $75,000.

**REMOVAL IS PROPER**

**14.**

The amount in controversy exceeds the requisite jurisdictional amount of $75,000.

**15.**

This is a civil action over which this Court currently has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which is removable to this Court pursuant to 28 U.S.C. § 1441(a), in that this action is between citizens of different states. Therefore, pursuant to 28 U.S.C. § 1441, this case may be removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

**16.**

A copy of this Notice of Removal has been filed this day with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, as provided by law, and is being served upon all counsel of record. A copy of the State Court Notice of Removal to the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is attached hereto as Exhibit 4.

## REMOVAL IS TIMELY

**17.**

Pursuant to 28 U.S.C. §1446(b)(3): "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

**18.**

Removal is timely under 28 U.S.C. § 1446(b)(3) because, on December 8, 2023, Plaintiff served Underwriters with his Initial Disclosures, "from which it may first be ascertained that the case is one which is or has become removable," within 30 days of this Notice of Removal. See Exhibit 2, Initial Disclosures of Plaintiff.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Underwriters pray that this Notice of Removal be deemed good and sufficient as required by law, that the captioned matter be removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and that this Court have and assume full and complete jurisdiction

thereof, issuing all necessary orders and granting all general and equitable relief to which Underwriters is entitled, and that all further proceedings in the state court be discontinued.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  */s/ Thomas H. Peyton*
Thomas H. Peyton, T.A. (Bar # 32635)
Alex A. Lauricella (Bar No. 37766)
Canal Place | 365 Canal Street, Ste. 2000
New Orleans, Louisiana 70130-6534
Telephone:      504-566-1311
Facsimile:       504-568-9130
E-Mail: thomas.peyton@phelps.com
              alex.lauricella@phelps.com

**ATTORNEYS FOR DEFENDANTS, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. 141NORL0761**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing Notice of Removal which has been served upon all counsel of record by placing same in the United States mail, properly addressed and first-class postage prepaid and/or *via* electronic mail and/or facsimile on this 5th day of January, 2024.

*/s/ Thomas H. Peyton*
THOMAS H. PEYTON